In the Matter of the Will of ADOLPH HEINEMANN, Deceased. E. IVAN RUBENSTEIN et al., Petitioners.

Surrogate's Court, Kings County, November 22, 1944.

*George Rosling* for petitioners.

*Clarence G. Bachrach* for Brooklyn Federation of Jewish Charities, remainderman.

*Karelsen, Karelsen & Rubin* for Washington Cemetery, legatee.

*George Blake* for Jessie Witkoff.

*Thomas J. Snee* for William V. Elliott, Public Administrator of Kings County.

McGAREY, S. The executors are authorized to consummate the proposed agreement providing for perpetual care of the cemetery plot owned by the decedent. They are further authorized to deliver, and the Public Administrator of Kings County is authorized to receive and administer the articles of jewelry described in the petition.

The petitioners are entitled to a full commission in each of their separate capacities as executors and trustees in accordance with subdivision (B) of article " Twelfth " of the will.

Since the value of the principal of each separate trust is less than $100,000, one full commission in each case must be apportioned between the two trustees, pursuant to subdivision 5 of section 285-a of the Surrogate's Court Act.

The court is of the opinion that subdivision (B) of article " Twelfth " was not intended by the testator to confer upon each trustee the right to a full commission upon the principal value of each separate trust, and to thereby entitle each trustee to commissions to which he would not otherwise be entitled by law. The said provision, however, clearly entitles each trustee to the minimum commission on annual income therein specified, and as each of the separate trusts terminates, the burden of paying such minimum commission must fall upon the income of the continuing trusts. The minimum income commission so provided, however, may not be taken as the base for computing principal commissions. The will and codicil were executed prior to the enactment of present section 285-a of the Surrogate's Court Act. They were drafted against the background of the then existent statutory method of computing trustees' principal commissions. The testator could not have contemplated that the entire method of computing trustees' principal commissions would be so radically altered by statute, and could not have intended that the minimum income commission provided for by his will, would be the base for computing the trustees' principal commissions.

The trustees must, therefore, compute their principal commissions upon the income commissions to which, in the absence of the provision in the will, they would be entitled under subdivision 1A of section 285-a.

Submit decree on notice in accordance herewith.